```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GUILLERMO PIÑA-UREÑA,                    :
                                          :
                                          :    06 Civ. 10171 (HB)(RLE)
              Petitioner,                 :
                                          :    OPINION & ORDER
     -against-                            :
                                          :
UNITED STATES,                            :
                                          :
                                          :
              Respondent.                 :
------------------------------------------------------X
```

**HON. HAROLD BAER, JR., District Judge:**

Guillermo Piña-Ureña ("Petitioner") petitions this Court, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner claims that: (1) he was denied effective assistance of counsel in violation of the Sixth Amendment; (2) his extradition violated a treaty between the United States and the Dominican Republic; and (3) the trial court did not have competent jurisdiction over him.[1] Based on this petition, Magistrate Judge Richard L. Ellis issued a Report and Recommendation (hereinafter R&R) on September 6, 2007, recommending that the Petition be denied in all respects. The Court received timely objections from Petitioner to the Report. After careful review of all the submissions in this case, the petition to vacate, set aside, or correct Petitioner's sentence pursuant to § 2255 is DENIED and the R&R is adopted.

## I. BACKGROUND

On April 28, 1999 Guillermo Piña-Ureña was charged with four counts: (1) conspiring to travel to New York to commit murder in exchange for money; (2) traveling to New York to commit murder in exchange for money; (3) using a firearm in relation to crimes underlying the first two counts; and (4) conspiring to violate narcotic laws. R&R at 1-2. On July 29, 1999 he was removed to the Southern District of New York from Puerto Rico where he was serving a 29-year sentence of incarceration. R&R at 2. On March 30, 2002, Piña-Ureña pleaded guilty to one count of participating in a conspiracy to commit murder in aid of racketeering; one count of

---

[1] In his petition, Piña-Ureña lists four grounds on which he seeks relief. The first and second grounds are both ineffective assistance of counsel.

1

committing murder in aid of racketeering; and one count of participating in a conspiracy to distribute heroin. R&R at 2. On July 20, 2002, District Judge Harold Baer, Jr. sentenced him to 40 years of imprisonment. R&R at 2.

On August 30, 2002 Piña-Ureña was transferred out of the Metropolitan Correctional Center ("MCC") in New York. R&R at 2. At some point following the transfer from the MCC he was returned to Puerto Rico where he escaped from custody. R&R at 2. In late November of 2003, Piña-Ureña was apprehended in the Dominican Republic and on December 5, 2003 he was returned to federal custody. R&R at 2. Piña-Ureña was held at the MCC from December 5 to December 12, when he was transferred to the Metropolitan Detention Center ("MDC"). R&R at 2. He was imprisoned at the MDC until January 25, 2006, when he was transferred to the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). R&R at 2. On July 17, 2006 Piña-Ureña was subsequently transferred to the United States Penitentiary in Hazleton, West Virginia. R&R at 2.

Piña-Ureña filed a letter petition on May 17, 2006 challenging several aspects of his incarceration. See May 16, 2006 Letter from Piña-Ureña Guillermo to Hon. Harold Baer. Piña-Ureña alleged that (1) he had received ineffective assistance of counsel; (2) his extradition violated a treaty between the United States and the Dominican Republic; and (3) the trial court did not have competent jurisdiction over him. See May 16, 2006 Letter. On November 6, 2006, Judge Baer issued an order construing his letter as a motion to vacate. 06 Civ. 10171, Order, November 6, 2006 ("Nov. 6 Order"). The Order instructed Piña-Ureña that to the extent that he wanted to challenge his sentence, he should file an amended motion pursuant to 28 U.S.C. § 2255. In particular, the Order warned him that he might be barred by a statute of limitations, and instructed him to allege facts showing that any delay in submitting the motion was excusable. See Nov. 6 Order. To the extent that Piña-Ureña sought relief regarding his claims that prison officials denied him law library access, the Order explained that he should assert that claim in a Bivens action. See Bivens v Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971). Nov. 6 Order at 3. The Order also instructed him to file his challenge to detention in the G-Unit/Long Term Holdover block in USP Lewisburg in the form of a habeas corpus petition under 28 U.S.C. § 2241. Nov. 6 Order at 4.

On April 6, 2007, Piña-Ureña filed an amended motion pursuant to 28 U.S.C § 2255. On April 11, 2007 the matter was referred to Magistrate Judge Robert Ellis for an R&R. Piña-Ureña filed a supplement and amendment to the amended motion on May 22, 2007. On September 6, 2007, Magistrate Judge Ellis issued an R&R and recommended that the petition be dismissed.

Judge Ellis determined that all three of Petitioner Piña-Ureña's claims were untimely and barred from review. R&R at 1. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner seeking habeas relief is subject to a one-year statute of limitation, 28 USC § 2255.[2] The statute of limitations for the first and third claims ran from the date on which the judgment of conviction against him became final. His conviction became final on August 21, 2001, however he did not file for relief until May 16, 2006. R&R at 4. For the second claim, the statute of limitations ran from the day he was transported back to the United States, December 5, 2003. R&R at 4. However, like the first and third claim, because the Petitioner did not file for relief until May 16, 2006, it is untimely and barred from review. R&R at 4. Moreover, the Petitioner's claims did not warrant equitable tolling because he did not show "extraordinary circumstances prevent[ing] him from filing his petition on time" and "reasonable diligence during the intervening period." Doe v. Menefree, 391 F.3d 147, 159-160 (2d Cir. 2004).

Piña-Ureña claims that he never received paperwork from counsel and that counsel never filed an appeal. R&R at 5. Judge Ellis notes that though the appeal was filed, not receiving paperwork from counsel is not "so outrageous and incompetent" on the part of the attorney as required,[3] and the Petitioner did not exercise reasonable diligence. R&R at 5. Moreover, Judge Ellis disclaims the Petitioner's argument that he does not speak English or understand his rights because a habeas petitioner is not entitled to equitable tolling because of "ignorance of the law." Cuevas v. New York 2002 WL 206985, at *3 (S.D.N.Y. Feb 11, 2002).

---

[2] 28 U.S.C. § 2555 (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] Attorney conduct that is "so outrageous and incompetent that it is truly extraordinary" is an example of a circumstance under which the Second Circuit has allowed for equitable tolling. Doe v. Menefee, 391 F.3d. 159-160 (2d Cir. 2004).

Petitioner finally alleges that he was denied access to the law library during his incarceration at MDC and USP Lewisburg. Judge Ellis held that because Petitioner was not incarcerated at MDB and USP Lewisburg during the period of limitations with respect to the first and third claims, he was not entitled to equitable tolling for those two claims. R&R at 7. Although Piña-Ureña was incarcerated in MDC and USP Lewisburg during the period of limitations for the second claim, Judge Ellis found that since Piña-Ureña's claim is without merit, the Court did not need to reach the tolling issue. R&R at 8. (See Benn v Greiner, 402 F.3d. 100, 107 (2d. Cir 2005) (similarly declining to reach the equitable tolling issue when appellant's claim lacked merit )).

Judge Ellis found that Petitioner's second claim that his sentence of 40 years violates Dominican law, Dom. Rep. Law No. 278-98 (1998),[4] was without merit based on two recent Second Circuit decisions addressing analogous claims under the same treaty. R&R at 8-9. The Court rejected the claims, where as in this case, the United States Government made no guarantee that sentencing would be limited to thirty years when requesting extradition, the limitation was not specifically requested by the Dominican Government when granting extradition, and the Dominican Government has not dissented to the sentence given in excess of 30 years. See United States v. Banks, 464 F.3d 184, 191-92 (2d Cir. 2006); see also United States v. Cuevas, 496 F.3d 256, 263-264 (2d Cir. 2007).

On September 27, 2007, Piña-Ureña filed objections to Judge Ellis's Report and Recommendation. In his Reply, Petitioner states that he can prove that he is a Dominican National in response to Judge Ellis's argument that the record contains no indication that Petitioner is a Dominican national as required by law. (Petitioner's Reply to Recommendation at 2-3 ("Pet. Reply")). In addition, Petitioner repeats his argument that his extradition from the Dominican Republic violated the extradition treaty between the Dominican Republic and the United States, and therefore equitably tolling is warranted. (Pet. Reply at 1-2).

---

[4] "In extradition treaties signed by the Dominican Republic with other States, when the extradition of a national is granted, no penalty greater than the maximum established in the country, which at the moment this law enters into force is thirty years, shall be imposed." Dom. Rep. Law No. 489 on Extradition, art. 4 para. II, as amended by Dom. Rep. Law No. 278-98 (1998).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" as submitted in a report and recommendation ("R&R"). Those parts of the R&R to which specific objections are made must be reviewed *de novo*. § 636(b)(1)(C); see Singleton v. Davis, No. 03 Civ. 1446, 2007 U.S. Dist. LEXIS 3958 at *1-2 (S.D.N.Y. Jan. 28, 2007). Such a determination must be made based on a review of the "[r]eport, applicable legal authorities, . . . [and] Plaintiff's and Defendant's objections and replies." Diaz v. Girdich, No. 04 Civ. 5061, 2007 U.S. Dist. LEXIS 4592 at *2 (S.D.N.Y. Jan. 18, 2007) (quoting Bandhan v. Lab. Corp. of Am., 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002)). However, those sections of the R&R to which general and conclusory objections are made are reviewed strictly for clear error.

Here, petitioner's general objects to Judge Ellis' Report and Recommendation in "all respects" simply invites a review of the same issues raised in the petition. See Pet. Reply. Therefore, I review Petitioner's three claims for clear error.

## III. DISCUSSION

In Petitioner's response to the recommendation by Magistrate Judge Ellis's, he does not take issue with Judge Ellis's recommendations with respect to the first and third claims. Petitioner urges that equitable tolling should apply to his second claim that his extradition violated a treaty between the United States and the Dominican Republic. However, when a claim does not have merit in itself, equitable tolling does not apply. See Benn v Greiner, 402 F.3d. 100, 107 (2d Cir. 2005) (similarly declining to reach the equitable tolling issue when appellant's claim lacked merit). As Judge Ellis pointed out in his report, Piña-Ureña failed to provide any evidence supporting his claim that this law either applies generally, or was specifically invoked with respect to his extradition. R&R at 9. As noted above, two recent Second Circuit cases rejected analogous claims on the ground that the petitioner produced no evidence that the Dominican Republic invoked the law in its dealings with the United States in connection with extradition. See Banks, 464 F.3d at 191-92; see also Cuevas, 496 F.3d at 263-264.

Moreover, petitioner stated in his Reply that he could provide proof of his Dominican Republic citizenship in response to Judge Ellis's pointing out that the record contains no

5

indication that petitioner was a Dominican National as required by law. Pet. Reply at 3. However, as interpreted by <u>Banks</u> and <u>Cuevas</u>, even if Petitioner can prove he is a Dominican national, the statute does not apply because Petitioner has failed to provide any evidence to show that the statute was invoked with respect to his extradition. <u>Banks</u>, 464 F.3d at 191-92; <u>see also</u> <u>Cuevas</u>, 496 F.3d at 263-264. Thus, I find no clear error in Judge Ellis's Report and Recommendation and Petitioner's petition must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the recommendation of Magistrate Judge Robert Ellis is adopted in all respects and the petition for writ of habeas corpus is DENIED. Further, Petitioner's request for a certificate of appealability is DENIED because Petitioner has made no showing of a denial of a federal right, and thus appellate review is inappropriate.

The Clerk of Court is instructed to close this case and remove it from my docket.

SO ORDERED.
February ___, 2008
New York, New York

_____
U.S.D.J.

6